UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBEW-NECA SOUTHWESTERN HEALTH & BENEFIT FUND and NATIONAL ELECTRICAL BENEFIT FUND, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-1079-B |
| DUVALL ELECTRIC, LLC, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Duvall Electric, LLC's ("Duvall") Motion to Transfer Venue. (doc. 24) and Plaintiffs' Unopposed Motion for Leave to File Surreply (doc 31). For the reasons stated below, the Court finds that Defendant's Motion should be and hereby is **DENIED** and that Plaintiffs' Motion should be and hereby is **GRANTED**.

I.

BACKGROUND

This case arises out of an alleged ERISA violation and breach of contract by Defendant, Duvall. (Pls.' Orig. Compl. ¶ 1). Plaintiff IBEW-NECA Southewestern Health & Benefit Fund is an employee welfare benefit plan and employee benefit plan. (*Id.* at ¶ 3). Plaintiff National Electrical Benefit Fund is an employee pension benefit plan and employee benefit plan. (*Id.* at ¶ 2). Plaintiffs contend that Duvall entered into a binding agreement to make specific payments at certain times to Plaintiffs' funds. (*Id.* at ¶ 5). Plaintiffs allege that Duvall failed to make the agreed upon

payments to the various employee funds and therefore Duvall is in breach of contract and has violated ERISA. (*Id.* at ¶ 1).

On May 28, 2010, Plaintiffs brought suit in this Court pursuant under the ERISA venue provision, 29 U.S.C. § 1132(e)(2). (Pls.' Orig. Compl. 1). A claim arising under ERISA may be brought in the district where a plan is administered and in this case, the IBEW-NECA Southwestern Health Fund was administered in Dallas, Texas.

On November 9, 2010, Duvall filed this Motion, seeking a transfer of this case to the Northern District of Oklahoma. (Def.'s Mot. Transfer Venue 1). In support of its motion, Duvall argues that the Northern District of Oklahoma is a more convenient forum because of its proximity to sources of proof and possible witnesses. Plaintiffs oppose the motion, maintaining that any convenience gained by transferring the case to the Northern District of Oklahoma is slight and does not outweigh the heightened deference afforded to an ERISA plaintiff's choice of forum. (Pls.' Resp. at 3). Secondly, Plaintiffs argue that Duvall's motion was not filed with reasonable promptness and should therefore be denied. (*Id.* at 12).

On December 18, 2010, Duvall filed a Reply in support of its Motion to Transfer. (doc. 30). Duvall states that Plaintiffs' response incorrectly characterizes many persons with discoverable information as employees of Duvall and therefore potential party witnesses. (Def.'s Reply 6). Duvall asserts that the persons with discoverable information are no longer employees and for purposes of this analysis should be characterized as non-party witnesses. (*Id.*).

On January 7, 2011, Plaintiffs filed an unopposed motion for leave to file surreply (doc. 31). Plaintiff argues that Duvall raised new arguments in its Reply regarding possible witnesses being non-parties. (*Id.*). The Court agrees that Duvall raised new arguments and **GRANTS** the Motion

for Leave to File Surreply. The Clerk of Court is **DIRECTED** to separately enter Plaintiffs' Surreply (currently attached to Plaintiffs' Motion (doc 31-1)). The Court will consider the arguments made in Plaintiffs' Surreply (doc. 31-1).

## II.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a) a district court may transfer a civil action to another district or division where the action could have been brought originally, provided the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The burden falls upon the movant to demonstrate why the alternate venue is more appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007). To meet this burden, the movant must first prove that the plaintiff could have originally filed his complaint in the transferee venue. *In re Volkswagen*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must show good cause as to why the action should be sent to the transferee venue. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). "[T]o show good cause means the moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.'" *In re Volkswagen*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)).

In assessing the interests of convenience and justice, courts look to a series of private and public factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If the transferee venue "is no more convenient than the chosen [venue], the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *In re Volkswagen*, 545 F.3d at 315.

## III.

## ANALYSIS

Duvall requests a transfer to the Northern District of Oklahoma. (Def.'s Mot. Transfer Venue 1). As set forth above, to obtain such relief Duvall must first show that Plaintiffs could have originally filed this suit in the Northern District of Oklahoma. *See In re Volkswagen*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d at 433. The parties do not dispute and the Court agrees that the Northern District of Oklahoma would have been a proper forum. The Court next considers whether granting a transfer would serve the interests of convenience and justice by first examining the relevant private interest factors, and then address the public interest factors. From the outset, the Court notes that while all of the factors are relevant, because of the current stage of litigation, the

Court centers much of its focus on the potential undue delay, prejudice, and waste of judicial resources a transfer at this stage would entail.

A.   *Private Factors*

   i.   Cost of Attendance for Witnesses

Duvall argues that all of the individuals listed as having discoverable information by the Plaintiffs' live in Oklahoma and on average would be required to travel 285 miles to testify in Dallas, Texas. (Def.'s Reply 6). Duvall notes that a potential witness would have the choice of driving on average, six hours each way or spending nearly $800 for airfare and lodging. (*Id.*). Plaintiffs counter that it is very unlikely that the individuals listed as having discoverable information will be required to testify. (Pls.' Surreply 3). Plaintiffs identified these individuals, former employees of Duvall, in their initial disclosures because the cause of action arises out of whether Duvall made sufficient ERISA contributions on these individuals' behalf. (*Id.*). Plaintiffs contend that the information that is sought from these individuals can be established through Duvall's business records. (*Id.* at 4.).

The Court finds that this factor weighs only slightly in favor of transfer because any witness that is likely to testify will be a party witness, lessening the significance of this factor. *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, No. 3:08-CV-0816-G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009). The Court is not convinced by Duvall's argument that the fifteen nonparty witnesses will be needed to testify in Dallas when any information these potential witnesses will provide may likely be established by Duvall's business records. (Pls.' Surreply 3). While the Court recognizes that it may be a burden witnesses to travel from Oklahoma to Dallas, the Court is more persuaded by Plaintiffs' argument that the non-party individuals identified in the initial disclosures are very unlikely to testify at an eventual trial in this ERISA proceeding.

ii. <u>Access to Sources of Proof</u>

Duvall argues that the sources of proof are mainly on their premises in Claremore, Oklahoma. (Def.'s Mot. Transfer Venue 14). Plaintiffs argue that, at most, this factor carries minimal weight in favor of a transfer, citing case law from this district that downplays the importance of this factor due to technological advancements. (Pls.' Resp. 9). The Court agrees with Plaintiff on this point. *See Verizon Employee Comm. v. Glaid*, No. 3:05-CV-1984-G, 2006 WL 3422229, *4 (N.D. Tex. Nov. 28, 2006).

iii. <u>Availability of Compulsory Process to Secure Attendance of Witnesses</u>

Duvall argues that this Court would lack the subpoena power to compel numerous former employees, non-party witnesses, from Oklahoma to attend a judicial proceeding in Dallas, Texas. (Def. Reply 5). Duvall warns the Court not to expect potential non-party witnesses to volunteer their money and time to attend court in Dallas, Texas. (*Id.* at 6.). Plaintiffs, on the other hand, point out that Duvall has not submitted evidence that any non-party witness would be unwilling to attend judicial proceedings in Dallas, Texas. (Pls.' Resp. 8) Plaintiffs explain that testimony from non-party former employees will likely be unnecessary because the information that would be obtained from these potential witnesses may also be obtained from Duvall's business records. (Pl.'s Surreply 2).

The Court considers this factor to be neutral because, once again, it is not all certain the testimony of these non-party witnesses will be needed at trial. Furthermore, even if these witnesses were needed at trial, other courts in this district have considered the compulsory process factor to be neutral when parties have not alleged that non-party witnesses are unwilling to testify. *Ternium*

*Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, No. 3:08-CV-0816-G, 2009 WL 464953, at *3 (N.D. Tex. Feb. 24, 2009).

      iv.      <u>All Other Practical Problems</u>

Duvall argues that there will be little or no prejudice if the case is transferred to the Northern District of Oklahoma because no discovery has commenced and only a few scheduling order deadlines have passed. (Def.'s Mot. Transfer Venue 14-15). Plaintiffs respond that the untimeliness of Duvall's motion will cause undue delay and prejudice if the case is transferred. (Pls.' Resp. 12).

Plaintiffs note that Duvall waited over four months from filing their first answer to file the Motion to Transfer Venue. (*Id.*) During this time, the parties have filed their Joint Status Report (doc. 8), exchanged initial disclosures, and have designated experts. (*Id.*). Also, the Court has entered a Scheduling Order with a deadline for Dispositive Motions on March 14, 2011, and a Trial Date on June 21, 2011. (*Id.*). Duvall maintains that the delay in filing the Motion to Transfer Venue was not unreasonable because it was in response to Plaintiffs' initial disclosures naming individuals with discoverable information in Oklahoma. (Def. Reply 7).

The Court is not persuaded that Duvall could not have anticipated that individuals in Oklahoma might be potential witnesses until the Plaintiffs filed their initial disclosures. That persons in Oklahoma could have discoverable information for this case seems obvious from the face of the Original Complaint and the fact that Duvall is based in Oklahoma. Other Courts have held that similar delays in the filing of a motion to transfer venue weighed significantly in favor of retaining a case. *American Airlines, Inc. v. Rogerson ATS*, 952 F. Supp. 377, 384 (N.D. Tex. 1996)(denying motion to transfer when transfer would disrupt scheduling order); *N2 Consulting, LLC v. Eng'red Fastener Co.*, No. 3-02-CV-0308-BD, 2002 WL 31246770, at *2 (N.D. Tex. Oct. 2, 2002)(finding

a substantial possibility of undue delay when defendant did not file motion to transfer venue until after parties had exchanged initial disclosures and a scheduling order had been set); *Konami Digital Entm't v. Harmonix Music Sys., Inc.*, No. 6:08cv286, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009)(finding that transfer would result in difficulty, delay, and cost to parties as well as judicial waste since parties would lose a *Markman* and trial date). The Court finds that transferring the case will cause prejudice to the parties because key dates on the Scheduling Order, such as the dispositive motion deadline, which is two weeks away and the trial date, set in June, will be eliminated. Also, the Court finds that transferring the case at this stage of litigation will cause a duplication of efforts by this court and the transferee court as well as the parties. The Court considers this factor to weigh heavily in favor of retaining the case.

B. *Public Factors*

    i. <u>Administrative Difficulties</u>

The parties do not argue that this factor weighs in either's favor.

    ii. <u>Local Interest</u>

Duvall argues that this case involves the interest of an Oklahoma company and an Oklahoma Union and that potential jurors in Texas have no interest in whether an Oklahoma company paid dues to an Oklahoma union. (Def.'s Mot. Transfer Venue 15). Plaintiffs counter that that jurors of the Northern District have an interest in adjudicating an ERISA case where the plan was administered in Dallas, Texas. (Pls.' Resp. 11). Plaintiffs conclude that this factor is neutral because both forums would have an interest in the case. The Court agrees with Plaintiffs and considers this factor neutral in the analysis. *See IBEW-NECA Southwestern Health & Benefit Fund*

*v. B&J Purchasing Servs., Inc.*, No. Civ.A. 3:05-CV-0794-L, 2006 WL 305772, at *3 (N.D. Tex. Feb. 9, 2006).

      iii.      <u>Familiarity with Governing Law</u>

The parties do not argue that this factor weighs in either's favor.

      iv.      <u>Avoidance of Unnecessary Conflict of Laws</u>

The parties do not argue that this factor weighs in either's favor.

*C. ERISA Venue Deference*

Plaintiffs argue that the Court must use a heightened deference to their choice of forum because of the intent of Congress to expand an ERISA plaintiff's choice of forum. (Pls.'s Resp. 3). The Court will follow the approach of this District in regards to deference given to an ERISA plaintiff's choice of forum: "when all other factors are equal, the plaintiff's choice of forum is dispositive. *Boggess v. Tex. Mut. Ins. Co.*, No. 3:06-CV-2312-BH (L), 2007 WL 1053332 (N.D. Tex. April 7, 2007), citing, *Verizon Employee Comm. v. Glaid*, No. 3:05-CV-1984-G, 2006 WL 3422229, *5 (N.D. Tex. Nov. 28, 2006). The Court finds that the substantial delay and undue prejudice that would be caused by a transfer to be the determinative factors in favor of denying the motion to transfer. The Plaintiffs' choice of venue only reinforces this determination.

**IV.**

**CONCLUSION**

Weighing the factors in this case, the Court finds that Duvall has failed to satisfy its burden of showing that the Northern District of Oklahoma would be "clearly more convenient." *In re Volkswagen*, 545 F.3d at 315. Accordingly, the Court **DENIES** Defendant Duvall Electric,

LLC's Motion to Transfer Venue (doc. 24) and **GRANTS** the Plaintiffs' Unopposed Motion to File Surreply (doc 31).

    **SO ORDERED.**

    **DATED February 28, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE